**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | | |
|---|---|---|
| INNURVATION, INC. and | ) | |
| INNURVATION IP, L.L.C | ) | |
| | ) | **Civil Action No. 09-cv-1416(CCB)** |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | JURY TRIAL DEMANDED |
| | ) | |
| SONY CORPORATION OF AMERICA, SONY | ) | |
| ELECTRONICS, INC., FUJITSU | ) | |
| MICROELECTRONICS AMERICA, INC., TOSHIBA | ) | |
| AMERICA, INC., TOSHIBA AMERICA ELECTRONIC | ) | |
| COMPONENTS, INC., and FREESCALE | ) | |
| SEMICONDUCTOR, INC., | ) | |
| | ) | |
| **Defendants.** | ) | |

**ANSWER AND JURY DEMAND OF DEFENDANT
FREESCALE SEMICONDUCTOR, INC. TO COMPLAINT
FOR PATENT INFRINGEMENT**

In response to the Complaint for Patent Infringement filed by Plaintiffs Innurvation, Inc. and Innurvation IP, L.L.C., Defendant Freescale Semiconductor, Inc. ("Freescale") plead as follows. Each and every allegation not specifically admitted is denied.

**NATURE OF THE ACTION**

1.     Freescale admits that this is filed as a civil action for infringement of United States Patent No. 6,297,668 ("the '668 patent'"). Freescale admits that this action is based upon the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

**THE PARTIES**

2.     Freescale lacks the knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 2 of the Complaint and, therefore, denies them.

3.      Freescale lacks the knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 3 of the Complaint and, therefore, denies them.

4.      Freescale lacks the knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 4 of the Complaint and, therefore, denies them.

5.      Freescale lacks the knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 5 of the Complaint and, therefore, denies them.

6.      Freescale lacks the knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 6 of the Complaint and, therefore, denies them.

7.      Freescale lacks the knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 7 of the Complaint and, therefore, denies them.

8.      Freescale lacks the knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 8 of the Complaint and, therefore, denies them.

9.      Freescale lacks the knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 9 of the Complaint and, therefore, denies them.

10.     Freescale admits that Defendant Freescale is a corporation organized under the laws of the State of Delaware having a place of business at 6501 West William Cannon Drive, Austin, Texas 78735.

## JURISDICTION AND VENUE

11.     Freescale admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12.     Freescale admits that this Court has personal jurisdiction over Freescale for the limited purpose of this case.

CHI-1713278v3

13.     Freescale admits that it is subject to personal jurisdiction but lacks sufficient

knowledge or information to form a belief as to the truth of the remaining allegations of

Paragraph 13, and therefore denies them.

### THE '668 PATENT

14.     Freescale admits that, on its face, the '668 patent is entitled "Serial Device

Compaction for Improving Integrated Circuit Layouts."  Freescale lacks sufficient knowledge or

information to form a belief as to the truth of the remaining allegations of Paragraph 14, and

therefore denies them.

15.     Freescale lacks the knowledge or information sufficient to form a belief about the

truth of the allegations of Paragraph 15 of the Complaint and, therefore, denies them.

16.     Freescale lacks the knowledge or information sufficient to form a belief about the

truth of the allegations of Paragraph 16 of the Complaint and, therefore, denies them.

### COUNT I

**(Infringement of U.S. Patent No. 6,297,668 by Defendants Sony and Sony Electronics)**

17.     Freescale lacks the knowledge or information sufficient to form a belief about the

truth of the allegations of Paragraph 17 of the Complaint and, therefore, denies them.

18.     Freescale lacks the knowledge or information sufficient to form a belief about the

truth of the allegations of Paragraph 18 of the Complaint and, therefore, denies them.

19.     Freescale lacks the knowledge or information sufficient to form a belief about the

truth of the allegations of Paragraph 19 of the Complaint and, therefore, denies them.

## COUNT II

### (Infringement of U.S. Patent No. 6,297,668 by Defendant Fujitsu)

20.     Freescale lacks the knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 20 of the Complaint and, therefore, denies them.

21.     Freescale lacks the knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 21 of the Complaint and, therefore, denies them.

22.     Freescale lacks the knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 22 of the Complaint and, therefore, denies them.

23.     Freescale lacks the knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 23 of the Complaint and, therefore, denies them

## COUNT III

### (Infringement of U.S. Patent No. 6,297,668 by Defendants Toshiba and TAEC)

24.     Freescale lacks the knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 24 of the Complaint and, therefore, denies them.

25.     Freescale lacks the knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 25 of the Complaint and, therefore, denies them.

26.     Freescale lacks the knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 26 of the Complaint and, therefore, denies them.

## COUNT VI

### (Infringement of U.S. Patent No. 6,297,668 by Defendant Freescale)

27.     Freescale realleges and incorporates by reference its denials and admissions set forth in Paragraphs 1 through 16.

28.     Freescale denies the allegations of Paragraph 28.

CHI-1713278v3

29.     Freescale denies the allegations of Paragraph 29.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them, Freescale asserts the following affirmative and other defenses, and reserves the right to amend its Answer as additional information becomes available.

## FIRST DEFENSE

### (Invalidity)

30.     Each of the claims of the '668 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with Title 35, United States Code, including §§ 102, 103 and/or 112 thereof.

## SECOND DEFENSE

### (Non-Infringement)

31.     Each of the claims of the '668 patent is not infringed by defendant Freescale.

## ADDITIONAL DEFENSE

### (Reserved)

32.     Freescale specifically reserves the right to assert any and all defenses, affirmative or otherwise, that may become available through information developed in discovery, at trial, or otherwise.

## FREESCALE'S COUNTERCLAIMS

Defendant/Counterclaim-Plaintiff Freescale Semiconductor, Inc. ("Freescale") counterclaims against Plaintiffs/Counterclaim-Defendants, Innurvation, Inc. ("Innurvation") and Innurvation IP, L.L.C. ("Innurvation IP") as follows:

1.      Freescale is a corporation organized under the laws of Delaware having a principal place of business at 6501 West William Cannon Drive, Austin, Texas 78735.

2.      This Court has personal jurisdiction over Innurvation, Inc. and Innurvation IP, L.L.C.  Innurvation, Inc. is a named plaintiff in this action and alleges that it is a Delaware corporation having a place of business at 9841 Broken Land Parkway, Columbia, Maryland 21046.  Innurvation IP, L.L.C. is a named plaintiff in this action and alleges that it is a Delaware corporation having a place of business at 9841 Broken Land Parkway, Columbia, Maryland 21046.  By filing its Complaint, Innurvation, Inc. and Innurvation IP, L.L.C. have consented to the personal jurisdiction of this Court.

3.      This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 2201, 1331 and 1338.

4.      Venue is proper in this District under 28 U.S.C. §§ 1391 (b) and (c).

## COUNT I

**(DECLARATORY JUDGMENT FOR INVALIDITY AND NON-INFRINGEMENT OF U.S. PATENT NO. 6,297,668)**

5.      Freescale realleges and incorporates by reference paragraphs 1 through 4 of these Counterclaims.

6.      U.S. Patent No. 6,297,668 (hereinafter "the '668 patent") is alleged to have been issued by the United States Patent and Trademark Office ("PTO") on October 2, 2001. Innurvation IP, L.L.C. has alleged that it is the assignee of the rights, title and interest in the '668 patent. Innurvation, Inc. has alleged that has an exclusive license to the '668 patent.

7.      Innurvation, Inc. and Innurvation IP, L.L.C. have asserted that Freescale has infringed and is infringing the '668 patent as follows:

CHI-1713278v3

> Defendant Freescale has infringed and is infringing the '668 patent by making, using, importing, offering for sale and/or selling in the United States, without authority, products that embody the inventions patented within the '668 patent— for example, integrated circuits including baseband processors (such as the SC29343VKP)—and/or, on information and belief, by actively inducing and/or contributing to infringement of said patent by others.

Complaint ¶28.

8.      An actual controversy exists between the parties hereto regarding the validity and infringement of the '668 patent.

9.      Each of the claims of the '668 patent is not infringed by defendant Freescale.

10.     Each of the claims of the '668 patent is invalid for failing to satisfy one or more of the conditions of patentability set forth in Title 35, United States Code, including §§ 102, 103 and/or 112 thereof.

## JURY DEMAND

Defendant Freescale hereby respectfully demands a jury trial on all uses and claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Freescale prays for relief as follows:

A.      That the Court enter judgement in favor of Freescale, and against Innurvation and Innurvation IP;

B.      That the Court enter a declaratory judgment that claims of U.S. Patent No. 6,297,668 are invalid;

C.      That the Court enter a declaratory judgment that U.S. Patent No. 6,297,668 is not infringed by Freescale;

C.      That Innurvation and Innurvation IP take nothing by its Complaint against Freescale;

D.      That the Court denies any and all of plaintiffs Innurvation and Innurvation IP's requests for injunctive relief;

E.      That the Court denies any and all of plaintiffs Innurvation and Innurvation IP's requests for equitable relief;

F.      That the Court dismiss Innurvation and Innurvation IP's Complaint in its entirety, with prejudice;

G.      That the Court finds this case exceptional under 35 U.S.C. § 285, and award Freescale its cost and fees in this action, including attorneys' fees; and

H.      That the Court grant Freescale such other and further relief as the Court deems just and proper.

Dated: July 24, 2009            Respectfully submitted,


                                /s/ Blaney Harper
                                Blaney Harper (Bar #14783)
                                JONES DAY
                                51 Louisiana Avenue, N.W.
                                Washington, D.C. 20001
                                Tel: (202) 879-3939
                                Fax: (202) 626-1700
                                email: bharper@jonesday.com

                                *ATTORNEYS FOR DEFENDANT FREESCALE SEMICONDUCTOR, INC.*

CHI-1713278v3

## CERTIFICATE OF SERVICE

I certify that on July 24, 2009 a copy of ANSWER AND JURY DEMAND BY FREESCALE SEMICONDUCTOR, INC. TO COMPLAINT FOR PATENT INFRINGEMENT., was filed electronically with the Clerk of Court using the ECF system which will send notification to the following ECF participants, who were also served via 1st class mail:

Joseph D. Lewis
BARNES AND THORNBURG
750 17th Street NW Ste 900
Washington, DC 20006
Phone: 202-289-1313
Fax: 202-289-1330
Email: joe.lewis@btlaw.com
ATTORNEY FOR PLAINTIFFS INNURVATION, INC.
AND INNURVATION IP, L.L.C.

Jerrold A. Thrope
GORDON FEINBLATT ROTHMAN HOFFBERGER
AND HOLLANDER LLC
233 E Redwood St.
Baltimore, MD 21202
Phone: 410-576-4000
FAX: 410-576-4246
Email: jthrope@gfrlaw.com
ATTORNEY FOR DEFENDANTS SONY CORPORATION
OF AMERICA AND SONY ELECTRONICS, INC.

Lawrence Luna Ilag
FINNEGAN HENDERSON FARABOW GARRETT
AND DUNNER LLP
901 New York Ave NW
Washington, Dc 20001
Phone: 202-408-4000
FAX: 202-408-4400
Email: larry.ilag@finnegan.com
ATTORNEY FOR DEFENDANTS TOSHIBA AMERICA, INC.
AND TOSHIBA AMERICA ELECTRONICS COMPONENTS, INC.

Karen Louise Hagberg
MORRISON AND FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104
Phone: 212-468-8032
FAX: 212-468-7900
Email: khagberg@mofo.com
ATTORNEY FOR DEFENDANT FUJITSU MICROELECTRONICS
AMERICA, INC.


Dated: July 24, 2009

/s/ Blaney Harper
Blaney Harper. (Bar #14783)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700
Email:  bharper@jonesday.com

Counsel for Plaintiff Freescale Semiconductor, Inc.